IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES EDWARD JONES, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | Case No. 4:14-cv-02103-AGF |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner James Edward Jones's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On September 10, 2013, Petitioner entered a plea of guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to three counts: (1) assault of a federal officer in violation of 18 U.S.C. § 111(a), (2) brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), and (3) possession with the intent to distribute cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841. Under the parties' negotiated Rule (c)(1)(C) plea agreement, in exchange for Petitioner's plea of guilty to these counts, the government dismissed a fourth count, for possession of a firearm in furtherance of a drug-trafficking crime in violation of § 924(c), and recommended a sentence of 20 years, in total, which would be binding on the Court if accepted. The Court accepted Petitioner's plea, and on December 17, 2013, sentenced Petitioner to a total of 20 years in prison, and a three-year term of supervised release.

In his pro se motion to vacate and set aside his conviction and sentence, Petitioner claims that: (1) plea counsel failed to file a notice of appeal after Petitioner instructed him to do so; (2) there was no factual basis for Petitioner's plea because there was evidence of entrapment as to the drug charges, and plea counsel was ineffective for failing to object to the validity of the plea on this basis; (3) plea counsel was ineffective for failing to move to suppress the charge of possession with intent to distribute, and the charge of possession of a firearm in connection therewith, based on a defense of entrapment; and for failing to request a lesser sentence or a downward departure at sentencing based on the entrapment; and (4) the waiver of appeal and post-conviction rights included in the parties' plea agreement is not enforceable because the plea lacked a factual basis and was tainted by ineffective assistance of counsel, as stated above.

On November 20, 2017, the Court held an evidentiary hearing on Petitioner's claims. The Court appointed counsel to represent Petitioner at the hearing. Based on the entire record, and having had the opportunity to observe and evaluate the demeanor of the witnesses at the hearing, Petitioner's motion will be denied.

## BACKGROUND

### Criminal Proceedings

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. On April 15, 2013, Petitioner asked an undercover agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("agent") to pick him up, as they had previously discussed Petitioner selling the agent crack cocaine. Petitioner advised the agent to drive to a certain location where Petitioner could obtain a firearm, stating that

he (Petitioner) liked to have a firearm with him while conducting "business." At the stated location, Petitioner exited the vehicle to meet with Frederick Crayton ("F. Crayton"), and retrieved a firearm from an area by a window of a nearby house. Petitioner brought the firearm back to the vehicle and handed it to the agent, who denoted the make, model, and serial number.

Petitioner then called Dwayne Crayton ("D. Crayton"), who told Petitioner that a source who could provide crack cocaine wanted to meet Petitioner and D. Crayton at a second location. The agent was instructed to follow Petitioner to the second location. When the agent arrived, the agent gave Petitioner money. While still in possession of the firearm, Petitioner took the money, and walked with D. Crayton to purchase the crack cocaine. Petitioner brought the crack cocaine back to the agent. The agent weighed the substance and found it to be light. D. Crayton then spit out more crack cocaine from his mouth to make the requested amount. Petitioner was armed throughout the exchange, and the substance was later analyzed by the St. Louis Police Lab, which confirmed that it was approximately seven grams of crack cocaine.

On April 18, 2013, Petitioner and F. Crayton met with the agent and two confidential informants ("CIs"), pursuant to a previous arrangement, to sell the agent and CIs three firearms. Petitioner and F. Crayton intended to rob the agent of the money that was to be used to buy the three firearms. At the meeting, F. Crayton stated, before walking away, that he was going to drive separately to the location where the firearm transaction was to take place. Petitioner remained in the agent's vehicle. Seconds later, F. Crayton returned to the agent's vehicle and pointed a firearm at the agent and one of

3

the CIs. At the same moment, Petitioner pulled a firearm from under his jacket and pointed it at the agent as well. A struggle for the firearms ensued. Petitioner used his firearm to strike the agent in the head, leaving a gash. Petitioner then exited the vehicle, followed by the agent. The agent was immediately confronted by a third robber, a juvenile, but the juvenile ran off after a brief struggle with the agent. F. Crayton, who was still armed, then assaulted the agent, and the two struggled for control of F. Crayton's firearm. During the agent's struggle with F. Crayton, Petitioner pointed his firearm at the agent and pulled the trigger. However, the firearm did not discharge as its magazine and a single round had been ejected during the prior struggle inside the vehicle. Petitioner then ran off.

On April 24, 2013, Petitioner was indicted on four counts: (1) assault of a federal officer, (2) brandishing a firearm in furtherance of a crime of violence, (3) possession with intent to distribute crack cocaine, and (4) possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c). Count 4 carried a mandatory term of imprisonment of not less than 25 years, consecutive to any other sentence imposed. 18 U.S.C. § 924(c)(1)(C)(i). Petitioner initially pled not guilty.

At the change-of-plea hearing held on the day the plea agreement was executed, September 10, 2013, Petitioner was given time to discuss the terms of the plea agreement with both his attorney and the prosecutor, and to address any questions Petitioner had about the same. Following that discussion, Petitioner represented to the Court at the change-of-plea hearing that he understood the terms of the plea agreement and that he was guilty of the crimes to which he was pleading guilty. He further confirmed that he

4

was satisfied with the representation he received from his attorney, and that there was nothing he wanted his attorney to do for him that the attorney had not done in representing Petitioner. *United States v. Crayton et al*, No. 4:13-CR-157-AGF-2 ("*Crayton I*"), ECF No. 149 at 22-28 (E.D. Mo.). Petitioner also represented that he understood that he would normally have the right to appeal both his conviction and his sentence, but that in the plea agreement, he was waiving his right to appeal all nonjurisdictional, nonsentencing issues, and all sentencing issues other than the calculation of his criminal history. *Id.* at 31-32. The Court ascertained the factual basis for the guilty plea and found that the plea was knowing, intelligent, and voluntary. *Id.* at 55.

As noted above, on December 17, 2013, consistent with the parties' plea agreement, the Court sentenced Petitioner to a total of 20 years in prison, and a three-year term of supervised release.[1] Petitioner was sentenced 13 years each for counts one and three, to be served concurrently. As required by statute, 18 U.S.C. § 924(c)(1)(A)(ii), Petitioner was sentenced to seven years for Count 2, to be served consecutive to the term for Counts 1 and 3. The government dismissed Count 4 pursuant to the plea agreement.

At the sentencing hearing, the Court again advised Petitioner that he had entered into a plea agreement that waived some or all of his rights to appeal his sentence. The Court further advised Petitioner that if he believed that the waiver was not valid or did

---

[1] The agent, who was the victim of the assault, testified at the sentencing hearing. The parties agreed that the Court could consider the videotape of the assault, which had been reviewed by the parties and played in open Court at a previous sentencing. *Crayton I*, ECF No. 146 at 2.

not cover some ground he wished to raised, he could present that theory to the appellate court, and that Petitioner could also appeal his conviction if he believed that his guilty plea was somehow unlawful or involuntary, or if there was some other fundamental defect in the proceedings that was not waived by his guilty plea. *Crayton I*, ECF No. 146 at 54. The Court advised Petitioner that he had the right to apply for leave to appeal in forma pauperis and that his attorney or the Clerk of Court would prepare and file a notice of appeal upon his request. The Court then asked plea counsel to review with his client and promptly file the Notice of Compliance required by Local Rule 12.07(A). *Id.*

On December 17, 2013, plea counsel filed the Notice of Compliance, which was signed by Petitioner that day, and in which a box containing the following representation was checked: "I have been fully informed of my right to appeal the final judgment in this case, I do not wish to file a Notice of Appeal, and I have instructed my attorney not to file a Notice of Appeal." *Crayton I*, ECF No. 130.

**Motion to Vacate**

In his first claim for relief, Petitioner asserts that, when he signed the plea agreement, he told plea counsel "no matter what to file a notice of appeal." Petitioner has attached to his § 2255 motion an affidavit attesting to that fact. ECF No. 1-2. Petitioner argues that plea counsel's failure to file a notice of appeal as Petitioner requested constitutes ineffective assistance of counsel.

Petitioner's second, third, and fourth claims each assert that the record supports a defense of entrapment as to the charges of possession with intent to distribute crack cocaine and possession of a firearm (Counts 3 and 4), and therefore, Petitioner's plea

lacked a factual basis, and plea counsel was ineffective for failing to object to the validity of the plea and for failing to move to suppress the charges or seek a lesser sentence on this basis.

In his affidavit submitted in support of his § 2255 motion (ECF No. 1-2), Petitioner attests that, prior to the drug transaction, Petitioner was approached by a CI who promised Petitioner a job if Petitioner could obtain a firearm for the CI. According to Petitioner, when the CI came to buy the firearm, the CI was accompanied by an undercover federal agent. After Petitioner sold them the firearm, the CI and agent both asked Petitioner multiple times if Petitioner could obtain crack cocaine for them, and Petitioner repeatedly declined, telling them that he did not sell crack cocaine. The agent allegedly told Petitioner that the agent needed the crack cocaine to pay his workers. Petitioner attests that he asked the agent about the job, and the agent responded that he would give Petitioner a job if Petitioner "could do some more things for him." Petitioner then told the agent that Petitioner knew someone that could sell the agent crack cocaine.

Petitioner further asserts that he had never sold crack cocaine before that day, that he never had any intentions of selling such drugs, and that he would not have sold the drugs or a firearm if he had not been offered the "reward of the job to help [his] family." ECF No. 1-2 at 1. Petitioner argues that these facts give rise to an entrapment defense, which plea counsel should have investigated and asserted.

With respect to Petitioner's first claim, the government responds that the record conclusively indicates that Petitioner was apprised of his right to appeal and did not request an appeal. Specifically, the government points to the waiver of appeal included

in the signed plea agreement, in which Petitioner stipulated that he was "fully apprised by defense counsel" of his rights concerning appeal, as well Petitioner's signed Notice of Compliance.

With respect to Petitioner's remaining claims, the government argues that the facts agreed upon in the plea agreement provide a factual basis to support the plea. The government contends that the alleged entrapment defense is "addressed as to only one of the three counts relative to [Petitioner's] plea and sentence," and that "the consecutive nature of Count 2 [for brandishing a firearm in furtherance of a crime of violence] is directed to the conduct of Count 1, the Assault on the federal officer and is not influenced by the conduct related to the distribution of a controlled substance related to Count 3." ECF No. 3 at 4. In any event, the government asserts that Petitioner's proposed entrapment defense based on the supposed promise of a job by the agent is refuted by the facts agreed to in the plea agreement.

**Evidentiary Hearing on November 20, 2017**

At the evidentiary hearing on Petitioner's motion to vacate, the Court heard the testimony of Petitioner and plea counsel.

Regarding his first claim, Petitioner testified that, on August 12, 2013, during a status conference, at which Petitioner was given time to talk with plea counsel, Petitioner instructed plea counsel to file a notice of appeal. Petitioner testified that plea counsel informed Petitioner that he could sign the plea agreement and still pursue a direct appeal.

Petitioner admitted that plea counsel and the Court, both at the time of accepting the plea and at the time of sentencing, discussed with him the waiver of his right to

8

appeal contained in the plea agreement, but Petitioner testified that he did not understand that he was waiving his right to appeal. Petitioner also admitted that he signed the Notice of Compliance on December 17, 2013, indicating that he had been fully informed of his right to appeal, that he did not wish to file a notice of appeal, and that he had instructed his attorney not to file a notice of appeal. But Petitioner testified that he did not understand that he would be waiving his right to appeal.

Plea counsel testified that Petitioner never asked him to file a notice of appeal. Plea counsel testified that he discussed the waiver of appeal contained in the plea agreement with Petitioner several times, and that after sentencing, he went over the Notice of Compliance form with Petitioner before Petitioner signed that form. Plea counsel testified that Petitioner confirmed that he was not asking plea counsel to file an appeal. Plea counsel further testified that Petitioner expressed no reluctance to sign the Notice of Compliance and that Petitioner never asked counsel to file an appeal thereafter.

As to Petitioner's remaining claims on his motion to vacate, Petitioner and plea counsel both testified that, before entering the plea agreement, Petitioner asked plea counsel about a possible entrapment defense as to the drug charges, and plea counsel informed Petitioner that the defense was unlikely to succeed. Petitioner acknowledged that the alleged entrapment would not have been a defense to the crime of assault of a federal officer or brandishing a firearm in furtherance thereof (counts 1 and 2), and that he "took responsibility" for those crimes. But Petitioner testified that entrapment would have been a defense to the drug crimes. Petitioner testified that, had plea counsel agreed to pursue an entrapment defense, Petitioner would have gone to trial and would have

9

risked being convicted on the additional count (Count 4), which was dismissed pursuant to the plea agreement.

Plea counsel testified that he looked into an entrapment defense and discussed the defense with Petitioner by letter and in person, before Petitioner signed the plea agreement. Plea counsel testified that after reviewing the government's video evidence and other discovery, including a video of Petitioner traveling around town with the agent trying to find crack cocaine, plea counsel believed, and advised Petitioner, that Petitioner could not make the requisite showing for the purpose of an entrapment defense of a lack of predisposition to sell drugs. Plea counsel testified that Petitioner was not happy about hearing plea counsel's view of the entrapment defense, but that Petitioner ultimately accepted that advice and signed the plea agreement. Plea counsel testified that at the change-of-plea hearing, Petitioner did not discuss the entrapment defense further.[2]

## **DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on

---

[2] The record further reflects that, at the pretrial stage, Petitioner obtained multiple extensions of time to file pretrial motions, and that on June 5, 2013, Petitioner appeared before Magistrate Judge Fredrick R. Buckles, and waived his right to file pretrial motions. *Crayton I*, ECF No. 70.

10

direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006).

**<u>Failure to File a Notice of Appeal</u>**

"[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling [a] petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (citation omitted). However, for such a claim to succeed a petitioner "must show that he manifestly instructed his counsel to file an appeal." *Id.* "A bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.*

"If the defendant did not clearly request or instruct his trial attorney to appeal, . . . the court considering a claim of ineffective assistance must then determine whether counsel consulted with the defendant about an appeal and, if not, whether the failure to consult was unreasonable." *Parsons v. United States*, 505 F.3d 797, 798 (8th Cir. 2007). "Counsel has a constitutionally imposed duty to consult when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* (citations omitted).

Here, the Court credits plea counsel's testimony, over Petitioner's, that plea counsel consulted with Petitioner about Petitioner's right to appeal and that Petitioner instructed plea counsel not to file an appeal. Based on the record as a whole, including the record at the change-of-plea hearing and the Court's observation and evaluation of the

11

demeanor of Petitioner at the evidentiary hearing, the Court does not find credible Petitioner's testimony that he did not understand that he was waiving his right to appeal. Petitioner's testimony is also contradicted by his representations in the signed Notice of Compliance, which sets forth such waiver in plain and simple language.

**Entrapment Defense**

In his remaining claims, Petitioner points to a potentially successful entrapment defense in order to argue that his plea lacked a factual basis and was tainted by ineffective assistance of counsel. "A guilty plea constitutes a waiver of constitutional rights and must be both knowing and voluntary." *Gray v. United States*, 833 F.3d 919, 923 (8th Cir. 2016). Further, Federal Rule of Criminal Procedure 11(b)(3) provides that the district court must determine that there is a factual basis for a guilty plea. A factual basis is adequate if the court can reasonably determine that the defendant likely committed the offense. *United States v. Scharber*, 772 F.3d 1147, 1150 (8th Cir. 2014). The court may consider the plea agreement, stipulated facts, and a colloquy between the defendant and the court, among other things, in making the determination. *Id*. In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017).

"To establish ineffective assistance during plea negotiations, the petitioner must show 'counsel's representation fell below an objective standard of reasonableness' and 'that such deficient performance prejudiced' the defense." *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688

(1984)). Prejudice in this context requires the petitioner to show that "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.*

Upon consideration of the record as a whole, including the testimony at the evidentiary hearing, the Court finds that Petitioner knew of the possibility of asserting an entrapment defense before changing his plea, discussed the defense with plea counsel, and nevertheless voluntarily entered the plea agreement, effectively waiving that defense and admitting that there was a factual basis for the plea. Petitioner's statement that he was satisfied with his counsel's performance at the change-of-plea hearing, despite his knowledge of the possibility of the entrapment defense, also negates his claim of ineffective assistance of counsel during the plea bargaining stage. *See United States v. Newson*, 46 F.3d 730, 733 (8th Cir. 1995) (affirming district court's finding that the defendant "was aware of the entrapment defense and voluntarily waived such defense at the change of plea hearing" by stating that "he and counsel had discussed all available defenses," and further holding that the defendant's "failure to assert any objections to his counsel's performance at the change-of-plea hearing, despite his knowledge then of [the entrapment defense], refutes any claim of ineffective assistance of counsel as a basis for withdrawing his plea.") (citations omitted).

To the extent that Petitioner argues that plea counsel did not properly analyze the entrapment defense and its potential for success, the Court cannot say that the strength of the defense was so clear that plea counsel's advice fell below the wide range of reasonable professional assistance.  *See United States v. Searcy*, 284 F.3d 938, 942–43 (8th Cir. 2002) (finding that a defendant could not establish the lack of predisposition required for an entrapment defense, notwithstanding that the defendant on initial contact stated that "he doesn't sell crack cocaine" and that it took "five or six conversations" with federal agents before the first sale of crack took place, because "there was no particular difficulty in getting [the defendant] to entertain the idea" of committing the crime and "no great amount of persuasion was required"); *United States v. Bost*, 536 F. App'x 626, 631–32 (6th Cir. 2013) (unpublished) (holding that the evidence was sufficient to permit a jury to find predisposition and reject an entrapment defense because, although the defendant expressed reluctance to sell controlled substances which was only overcome after the agent offered the defendant a job, the defendant was "familiar with drug terminology and sales" and expressed a willingness to immediately sell the agent the drugs).  Nor does the Court find credible Petitioner's testimony that, based solely on this potential defense, Petitioner would have gone to trial on all four counts charged, and risked facing a term of imprisonment of not less than 25 years, consecutive to any other sentences imposed.  As such, Petitioner cannot demonstrate prejudice.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner James Edward Jones's motion filed

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2017.